UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                   :

ELSEVIER, INC., et al.,

                                                                   :        OPINION AND ORDER

                    Plaintiffs,                                     17 Civ. 6225 (JGK) (GWG)

                                                                   :

    -v.-

                                                                   :

SIEW YEE CHEW, et al.,

                                                                   :

                  Defendants.                  :
---------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

       Plaintiffs Cengage Learning, Inc., Elsevier, Inc., McGraw-Hill Global Education Holdings, LLC, and Pearson Education, Inc. move this Court for an order under Federal Rule of Civil Procedure 4(f)(3) authorizing alternative service on defendants Siew Yee Chew, Lynette K. Chew, Kok Kit Lau, Akitrade Global Sdn. Bhd. ("Akitrade"), Shein Wei Choo, Yumi Wee Keng Yee, Lew Moy, Lim Sei Haw, Liao Wei Hao, Jiao Leng, Zheng Xiaohong, Lin Zhen Wei, and Luo Zhihong (collectively, the "foreign defendants").[1] For the following reasons, plaintiffs' motion for alternate service is granted.

I. BACKGROUND

       This suit has been brought by educational publishers against online retailers who sell counterfeit textbooks in the United States in violation of the publishers' copyright and trademark rights. See First Amended Complaint, filed Jan. 29, 2018 (Docket # 28) ("FAC"), ¶¶ 1-5. The

---

[1] Notice of Plaintiffs' Motion for Alternate Service on Defendants, filed Feb. 2, 2018 (Docket # 39) ("Pls. Not."); Memorandum of Law in Support of Plaintiffs' Application for an Order Authorizing Alternative Service by Electronic Means, filed Feb. 2, 2018 (Docket # 40) ("Pls. Mem."); Declaration of Kerry M. Mustico, filed Feb. 2, 2018 (Docket # 41) ("Mustico Decl.").

plaintiffs sell textbooks and multimedia materials throughout the world.  Id.  ¶¶ 31-32.  Their textbooks and educational materials are also sold through various retail and online bookstores and marketplaces, including through the online auction site and marketplace, eBay.  Id. ¶ 31.

According to the FAC, the foreign defendants operate storefronts on eBay through which they sell counterfeit copies of the plaintiffs' textbooks "to the same purchasers seeking out legitimate copies of Plaintiffs' textbooks."  Id. ¶¶ 4, 45.  The FAC contains a list of the storefronts known to be operated by the foreign defendants on eBay.  See id. ¶ 46.  The foreign defendants "identify the textbooks using the legitimate textbooks' names and authors, images of the covers of the textbooks that include [p]laintiffs' marks, and the International Standard Book Numbers ('ISBN') that identify the textbooks."  Id. ¶ 4.

When the defendants make a sale on eBay, eBay transmits the sale proceeds to them by means of eBay affiliate PayPal, or through a seller's alternative account processing system.  Id. ¶ 44.  Although many of the foreign defendants provide fictitious names or addresses, or both, to eBay to conceal their identities, see id. ¶ 50; Mustico Decl. ¶ 8, "they provided eBay and PayPal with working email addresses in order to create accounts through which they could sell the Counterfeit Textbooks," Pls. Mem. at 3-4 (citing FAC ¶ 50).  The plaintiffs obtained email addresses associated with the foreign defendants' eBay storefronts through pre-complaint purchases of counterfeit textbooks.  See Mustico Decl. ¶ 4.

The plaintiffs filed a complaint against twenty unknown defendants on August 17, 2017.  See Complaint, filed Aug. 17, 2017 (Docket # 1).  At the same time, they obtained an ex parte temporary restraining order, an expedited discovery order, and an order to show cause seeking a preliminary injunction.  See Order to Show Cause, filed Aug. 18, 2017 (Docket # 6).  The Court eventually issued a preliminary injunction in favor of the plaintiffs, see Preliminary Injunction,

filed Sept. 12, 2017 (Docket # 21).  Pursuant to the Court's ex parte order and the preliminary injunction, the plaintiffs served their complaint and ex parte application, and the Court's ex parte Order and preliminary injunction on the foreign defendants through the email addresses associated with foreign defendants' online storefronts.  See Certificate of Service, filed Aug. 28, 2017 (Docket # 16); Certificate of Service, filed Sept. 18, 2017 (Docket # 22).  None of the foreign defendants responded.  Mustico Decl. ¶ 5.

Plaintiffs have since subpoenaed PayPal and eBay for the account information associated with the foreign defendants' storefronts.  Id. ¶ 3.  PayPal and eBay responded in December 2017 with the requested information.  Id. ¶¶ 6-7.  The information provided identified the foreign defendants as the operators of the storefronts first identified in the original complaint.  Id. ¶ 6a-l.  Additionally, the information showed that the foreign defendants used "multiple and ever-changing physical addresses in their account information," and "[s]ome of the address information [] appears to be incomplete."  Id. ¶ 8.  Despite these limitations, plaintiffs were able to determine that the following individuals or entities from the following locations were committing the acts alleged in the complaint: Siew Yee Chew, Shein Wei Choo, Yumi Wee Keng Yee, Lew Moy, Lim Sei Haw, Lynette K. Chew, Kok Kit Lau, and Akitrade are based out of Malaysia (the "Malaysia-based defendants"), while Liao Wei Hao, Jiao Leng, Zheng Xiaohong, Lin Zhen Wei, and Luo Zhihong are based out of China (the "China-based defendants").  FAC ¶¶ 14-26.  Because of the incomplete and changing physical address information associated with the foreign defendants' storefronts, plaintiffs state that "it is impossible for [them] to determine the . . . [d]efendants' true locations."  Mustico Decl. ¶ 8.

Having obtained production of the account information associated with the foreign defendants' eBay and PayPal accounts, plaintiffs filed an amended complaint on January 29,

3

2018, that provided the names of the unknown defendants who had been listed on the original complaint.  See FAC at 1.  On February 2, 2018, plaintiffs made the instant motion for an order authorizing alternative service of the FAC on the foreign defendants.  See Pls. Not.  Plaintiffs propose serving the foreign defendants through "email to all the email addresses identified by Ebay and PayPal as associated with or utilized by the [defendants] to conduct the business of the [defendants'] [s]torefronts."  Pls. Mem. at 5.  They also propose "using an email tracking service such as ReadNotify® to confirm that the emails were delivered successfully."  Id.

## II. DISCUSSION

Rule 4(f) of the Federal Rules of Civil Procedure permits service of process on individuals in foreign countries through three means: (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents"; (2) where there is no agreement as to means or where an agreement allows unspecified other means, "by a method that is reasonably calculated to give notice" including "as the foreign authority directs in response to a letter rogatory or letter of request"; or (3) "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f).  Rule 4(h) provides that service may be effected on foreign corporations "in any manner prescribed by Rule 4(f) for serving an individual," except personal service.  Fed. R. Civ. P. 4(h)(2).  Rule 4(h) applies here because Akitrade is "a corporate entity with a principal place of business in Malaysia."  FAC ¶ 17.

Plaintiffs request that the Court order alternative service of process under Rule 4(f)(3).  See Pls. Mem. at 5.

4

"[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002) (alterations and citation omitted). Thus, the rule does not require a party to serve process by the means specified in subsections 4(f)(1) and (f)(2) before a court permits alternative service by "other means" under Rule 4(f)(3). See Advanced Aerofoil Techs., AG v. Todaro, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) ("there is no hierarchy among the subsections in Rule 4(f)"); Sec. & Exch. Comm'n v. Anticevic, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) ("A plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)") (emphasis in original); accord Rio Props., 284 F.3d at 1014-15 (Rule 4(f)(3) "stands independently, on equal footing" with subsections (f)(1) or (f)(2)). But any court-ordered method of service under Rule 4(f)(3), in addition to complying with pertinent international agreements, must also satisfy constitutional due process. See Sulzer Mixpac AG v. Medenstar Indus. Co. Ltd., 312 F.R.D. 329, 330 (S.D.N.Y. 2015). To meet this requirement, the means of service must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). "The decision of whether to order service of process under Rule 4(f)(3) is 'committed to the sound discretion of the district court.'" United States v. Lebanese Canadian Bank SAL, 285 F.R.D. 262, 266 (S.D.N.Y. 2012) (quoting Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106, 115 (S.D.N.Y. 2010)); accord Jian Zhang v. Baidu.com Inc., 293 F.R.D. 508, 512 (S.D.N.Y. 2013); FTC v. PCCare247 Inc., 2013 WL 841037, at *3 (S.D.N.Y. Mar. 7, 2013).

In exercising this discretion, some courts have required parties seeking alternative service to show "(1) . . . that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) . . . that the circumstances are such that the court's intervention is necessary." Devi v. Rajapaska, 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012) (citations omitted); accord Sulzer Mixpac AG, 312 F.R.D. at 331; Altos Hornos de Mex., S.A.B. de C.V. v. Rock Res. Ltd., 2015 WL 6437384, at *2 (S.D.N.Y. Oct. 19, 2015); In re GLG Life Tech Corp. Sec. Litig., 287 F.R.D. 262, 265-66 (S.D.N.Y. 2012).  Imposing these judicially-created requirements "has been viewed as necessary in order to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts."  In re GLG Life Tech Corp. Sec. Litig., 287 F.R.D. at 266 (internal quotation marks and citation omitted).  "[I]n cases involving service on a person residing in a country that is a signatory to the Hague Convention, courts have often imposed a requirement that litigants first attempt service by means of the Hague Convention before seeking court-ordered alternative service under section 4(f)(3)."  Id. (citing Devi, 2012 WL 309605, at *2).  Nonetheless, "nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3)."  Id. (citation omitted).

Because Malaysia is not a signatory to the Hague Convention, see Status Table, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Hague Conference on Private International Law (Nov. 9, 2017), https://www.hcch.net/en/instruments/conventions/status-table/?cid=17, service on the Malaysia-based defendants under Rule 4(f)(1) is not possible.  No other international agreement bars service by email upon the Malaysia-based defendants.  Accordingly, we do not

consider the availability of the Hague Convention for purposes of considering the method of service that will be permitted on the Malaysia-based defendants.

Both China and the United States, however, are signatories to the Hague Convention. See id.  Nevertheless, we do not believe the circumstances in this case warrant imposing a requirement that plaintiffs first attempt to serve the China-based defendants through the Hague Convention process.  Most obviously, service under the Hague Convention is not available for the defendants in this case because service under the Hague Convention in China requires providing a defendant's address to the Chinese Ministry of Justice.  See Jian Zhang, 293 F.R.D. at 510; Stream SICAV v. Wang, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013).  Here, defendants have operated in such a way as to stymie any effort to determine their true addresses.  Mustico Decl. ¶ 8.  Moreover, the lack of an address by itself suggests that the Hague Convention does not even apply inasmuch as Article 1 of the Hague Convention specifies that it "shall not apply where the address of the person to be served with the document is not known."  Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents art. 1, November 15, 1965, 20 U.S.T. 361; accord Microsoft Corp. v. Does, 2012 WL 5497946, at *2 (E.D.N.Y. Nov. 13, 2012); Prediction Co. LLC v. Rajgarhia, 2010 WL 1050307, at *2 (S.D.N.Y. Mar. 22, 2010).  Accordingly, we find it inappropriate to require that the plaintiffs attempt service through the Hague Convention.[2]

---

[2] We note that the plaintiffs' requested alternative means of service does not violate the Hague Convention.  See Pls. Mem. at 7-8.  While China has objected to service by postal channels under Article 10,  see Declarations, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn (last visited Mar. 9, 2018), courts have routinely recognized that such objections do not extend to service by email, see, e.g., Sulzer Mixpac AG, 312 F.R.D. at 331-32 (examining case law and concluding that "China's objection to service by postal mail does not cover service by email") (citing cases); accord Jackson Lab. v. Nanjing Univ., 2018 WL 615667, at *4 (D. Me.

The only remaining issue in this case is whether the proposed means of service on the foreign defendants — by email to the email addresses associated with the defendants eBay and PayPal accounts along with email tracking, see Pls. Mem. at 5 — satisfies constitutional standards of due process. See, e.g., In re GLG Life Tech Corp. Sec. Litig., 287 F.R.D. at 267. That standard requires that the proposed means of service be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314. It is well-settled that service by email on foreign defendants meets this standard in an appropriate case. See, e.g., Rio Props., 284 F.3d at 1016-17; FKA Distrib. Co., LLC, 2017 WL 4129538, at *1; Sulzer Mixpac AG, 312 F.R.D. at 332; Dama S.p.A. v. Does, 2015 WL 10846737, at *2 (S.D.N.Y. June 15, 2015); Microsoft Corp., 2012 WL 5497946, at *2-3; see also PCCare247 Inc., 2013 WL 841037, at *4-5 (ordering service by email and Facebook). Service through email is particularly appropriate here because, as the record reflects, see Mustico Decl. ¶¶ 4, 5, 7, 8, the defendants engage in online business and regularly communicate with customers through functional email addresses, see Sulzer Mixpac AG, 312 F.R.D. at 332 (service through email appropriate because "email address in question is listed prominently on [defendant's] Internet homepage . . . [,] [the defendant]

---

Jan. 29, 2018) (citing cases); FKA Distrib. Co., LLC v. Yisi Tech. Co., Ltd., 2017 WL 4129538, at *1 (E.D. Mich. Sept. 19, 2017) (service on Chinese defendants via email permissible); Sec. & Exch. Comm'n v. Craven, 2015 WL 9275741, at *1 (W.D. Ky. Dec. 18, 2015) (citing cases); PCCare247 Inc., 2013 WL 841037, at *3-4 (ordering service by email and Facebook on Indian defendants, and noting that "[n]umerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10."). As Sulzer Mixpac AG observed, limiting an Article 10 objection to service by postal mail recognizes the material differences between service by postal mail and email, namely that "email communications may be more reliable than long-distance postal communications, and the arrival of an email at its destination address may be more readily tracked." 312 F.R.D. at 332.

presumably relies at least partially on contact through [its email] to conduct overseas business, and it is reasonable to expect [defendant] to learn of the suit against it through this email address."); Dama S.p.A., 2015 WL 10846737, at *2 ("several recent Southern District of New York cases have authorized email service where a defendant was, as here, alleged to be an online China-based counterfeiting network linked to a functioning email address but which otherwise remained anonymous.") (citations omitted); Philip Morris USA Inc. v. Veles Ltd., 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (authorizing service of process via email on defendants who "conduct business extensively, if not exclusively, through their Internet websites and correspond regularly with customers via email").  Thus, it is the means most likely to afford notice to the defendants in this action.

Accordingly, we find that service to the defendants' email addresses associated with their eBay and PayPal accounts "comport[s] with constitutional notions of due process." Rio Props., 284 F.3d at 1015.

III. CONCLUSION

For the foregoing reasons, the motion for alternate service on defendants (Docket # 39) is granted.  Plaintiffs are authorized to serve the following defendants by email: Siew Yee Chew, Lynette K. Chew, Kok Kit Lau, Akitrade Global Sdn. Bhd., Shein Wei Choo, Yumi Wee Keng Yee, Lew Moy, Lim Sei Haw, Liao Wei Hao, Jiao Leng, Zheng Xiaohong, Lin Zhen Wei, and Luo Zhihong.  To allow maximum information regarding the effectiveness of service in case it is needed at a later date, plaintiffs should use an email tracking service.

SO ORDERED.

Dated: March 12, 2018
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge